# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JPW INDUSTRIES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) No. 3:16-cv-03153-JPM |
| v. | )<br>) |
| OLYMPIA TOOLS INTERNATIONAL, INC., | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND TRANSFERRING CASE UNDER 28 U.S.C. § 1406(a)

The cause is before the Court on Defendant Olympia Tools, International's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) for Dismissal Based on Improper Venue, filed June 1, 2017. (ECF No. 31.) The Court has considered the motion, as well as Plaintiff JPW Industries, Inc.'s Response (ECF No. 44), Olympia's Reply (ECF No. 50), Olympia's Supplemental Brief in Support (ECF No. 63), JPW's Supplemental Response Brief (ECF No. 74), and Olympia's Reply to JPW's Supplemental Brief. (ECF No. 77.) For the reasons discussed below, the Court finds that, pursuant to 28 U.S.C. § 1400(b), venue is not proper in the Middle District of Tennessee. Additionally, pursuant to 28 U.S.C. § 1406(a) and in the interest of justice, the case shall be transferred to the Central District of California. Accordingly, Defendant's Motion for Dismissal Based on Improper Venue is **DENIED**.

I. **BACKGROUND**

A. **Factual Background**

The action arises out of allegations by Plaintiff JPW Industries ("JPW") against Defendant Olympia Tools International ("Olympia") for infringement of United States Patent 9,079,464 ("the '464 patent"). Plaintiff JPW is a Washington corporation with a principal place of business in Tennessee. (Compl. ¶ 5, ECF No. 1.) Defendant Olympia is a California corporation with a principal place of business in California. (Def.'s Ans., ECF No. 20 at PageID 53.)

This action involves alleged infringement of the following patent on a portable vise, invented by Timothy Onello and Charles Weber and assigned to Plaintiff:

| U.S. Patent Number | Issued | Patent |
|---|---|---|
| 9,079,464 | July 14, 2015 | Portable Work Holding Device and Assembly |

(Id. ¶¶ 11-12; U.S. Patent 9,079,464, ECF No. 1-1.) Plaintiff alleges that Defendant's OLYMPIA HITCH VISE (Model No. 38-652) infringes one or more of the claims recited in the patent. (Compl. ¶¶ 13-15). Plaintiff asserts that at least claims 1, 3, 5-8, 12, and 21-25 are infringed. (Id. at ¶ 15.) Plaintiff sells a competing portable vise, ATV: ALL TERRAIN VISE, and has entered two copies of the device into evidence as Exhibits 1 and 2.

B. **Procedural Background**

Plaintiff filed the Complaint on December 6, 2016, in the Middle District of Tennessee. (ECF No. 1.) On February 24, 2017, Defendant filed its Answer, denying infringement and raising affirmative defenses including invalidity and prosecution history

estoppel. (Def.'s Ans., ECF No. 20.) On March 9, 2017, the parties held an initial case management conference before Magistrate Judge Barbra Holmes, (ECF No. 23), and on March 16, 2017, Magistrate Judge Holmes entered an Initial Case Management Order. (ECF No. 24.)

On May 25, 2017, the parties entered a Joint Claim Construction Statement (ECF No. 30), identifying eight claims whose terms the parties disputed. On June 9, 2017, both parties filed Opening Claim Construction Briefs. (ECF Nos. 35-36.) On September 6, 2017, the Court held a Claim Construction Hearing in Nashville, Tennessee. At the hearing, the Court heard arguments from both parties regarding interpretation of the terms listed in the Joint Claim Construction Statement. (ECF No. 30.) The Court entered an Order Following Claim Construction Hearing on October 5, 2017. (ECF No. 87.)

On June 1, 2017, Defendant filed the instant Motion for Judgment on the Pleadings for Dismissal Based on Improper Venue. (ECF No. 31.) On June 29, Plaintiff filed a response to the motion. (ECF No. 44.) On July 11, 2017, Defendant filed a reply. (ECF No. 50.) On July 19, 2017, the Court ordered supplemental briefing on Defendant's motion. (ECF No. 56.) In that order, the Court found that Defendant had preserved the issue of venue by objecting to venue in its answer, and that Defendant had not waived venue after preserving it. (ECF No. 56 at PageID 611.) The Court also ordered supplemental briefing on whether Defendant maintains a "regular and established place of business" in this district, in light of Raytheon Co. v. Cray, Inc., No 2:15-CV-01554-JRG, 2017 WL 2813896 (E.D. Tex. June 29, 2017). (Id. at Page IDs 611-12.) On August 22, 2017, Plaintiff filed a Supplemental Brief opposing Defendant's Motion. (ECF No. 74.) On August 24, 2017, Defendant filed a Reply to Plaintiff's Supplemental Brief. On September 21, 2017, the United States Court of Appeals

for the Federal Circuit decided a petition for writ of mandamus from Raytheon v. Cray in which the Federal Circuit reversed the Eastern District of Texas and set forth a three-element test for evaluating whether a corporation has a "regular and established place of business" under 28 U.S.C. § 1400(b). In re: Cray, Inc, No. 2017-129, 2017 WL 4201535 at *4 (Fed. Cir. Sept. 21, 2017).

## II. LEGAL STANDARD

### A. Venue

Pursuant to 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Section 1400(b) controls venue determinations in patent infringement suits, and the general venue statute—28 U.S.C. § 1391—does not alter, supplement, or define terms of the patent venue statute. TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S.Ct. 1514 (2017).

For the purposes of the patent venue statute, "a domestic corporation 'resides' only in its State of incorporation". Id. at 1517. For the purposes of the patent venue statute, a corporation has a "regular and established place of business" if three elements are present: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." In re: Cray, Inc., No. 2017-129, 2017 WL 4201535 at *4 (Fed. Cir. Sept. 21, 2017). If any element is not satisfied, venue is improper under § 1400(b). Id.

"The burden of establishing venue falls on the plaintiff, and . . . on a motion to dismiss for improper venue, the court may examine facts outside of the complaint but 'must draw all

reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" Ian v. Bottom Line Record Co., 2016 WL 8711721 at *2 (M.D. Tenn. July 1, 2016) (quoting Gone to the Beach, LLC, v. Choicepoint Serv., 434 F. Supp. 2d 534, 536-37 (W.D. Tenn. 2006)).

### B. Transfer under 28 U.S.C. § 1404(a)

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[D]istrict courts have 'broad discretion' to determine when . . . 'the interest of justice' make a transfer appropriate." Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009) (interpreting 28 U.S.C. § 1404). "The law in [the Sixth] Circuit . . . is that § 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be . . . improper venue . . . ." Martin v. Stokes, 623 F.3d 469, 474 (6th Cir. 1980).

In determining whether to transfer a case under § 1406(a), the court must first determine whether the claim "could have been brought" in the transferee district. 28 U.S.C. § 1406(a) (allowing transfer to any other district in which the claim "could have been brought"). Once the court has made this threshold determination, the court must then determine whether "the interest of justice" favors transfer to the proposed transferee district. See Reese, 574 F.3d at 320 (interpreting 28 U.S.C. § 1404). "Generally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district, rather than dismiss them." Darby v. United States Dept. of Energy, 231 F. Supp. 2d 274, 277 (D.D.C. 2013) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)). One of the purposes of

transferring cases under § 1406 is "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." Goldlawr, 369 U.S. at 466-67.

**III.   ANALYSIS**

   **A.  Venue**

Venue is not proper in this district.  First, Defendant does not reside in this district.[1] Defendant is a California corporation.  (Def.'s Answer, ECF No. 20 at PageID 53)  "[A] domestic corporation 'resides' only in its State of incorporation[.]"  TC Heartland, 137 S.Ct. at 1517. Accordingly, Defendant does not "reside" in Tennessee; for venue to be proper in this district, Defendant must have a "regular and established place of business" here.  28 U.S.C. § 1400(b).

Defendant does not have a "regular and established place of business" in this district. Plaintiff asserts that Defendant has a "regular and established place of business" here by virtue of Defendant's "ongoing and continuous interactions" in this district.  (See ECF Nos. 73, 74 at PageIDs 827-30, 851-55.)  Plaintiff asserts that Defendant's business connections with distributors, retailers, and consumers in this district constitute "ongoing and continuous" connections here which further Defendant's commercial goals and which satisfy the Eastern District of Texas's four-factor test set out in Cray.  (Id. at PageIDs 827, 852.)  Plaintiff does not, however, allege that Defendant maintains a physical presence in this district.  In light of the Federal Circuit's Cray decision—which reversed the Eastern District's interpretation of § 1406(a)—a patent infringement defendant must have a physical presence in the district for venue to be proper.  In re: Cray, Inc, No. 2017-129, 2017 WL 4201535 at * (Fed. Cir. Sept.

---

[1] The Court's July 19, 2017, order recites that "Defendant does not reside within the Western District of Tennessee."  (ECF No. 56 at PageID 611).  As noted here, Defendant is not incorporated in Tennessee and so cannot "reside" in any district in this State.

21, 2017) ("(1) there must be a physical place in the district; . . . and (3) it must be the place of the defendant."). Reading the record in the light most favorable to the Plaintiff, the Court finds no allegation or evidence of Defendant's physical presence in this district. Accordingly, Defendant does not have a "regular and established place of business" here.

Because Defendant neither "resides" in this district nor has a "regular and established place of business" here, venue is improper.

### B. Transfer under 28 U.S.C. § 1406(a)

Having determined that venue is improper in this District, the Court has two options pursuant to 28 U.S.C. § 1406(a): (1) dismiss the case, or (2) if it be in the interest of justice, transfer the case to a district where it could have been brought. In the instant case, Defendant requests dismissal. (ECF No. 31.) Plaintiff requests that the Court transfer the case to the Western District of Tennessee or to the Central District of California (ECF No. 74 at PageIDs 857-58.) Defendant opposes transfer to the Western District of Tennessee (ECF No. 77 at PageIDs 879), but states that it does not oppose transfer to the Central District of California. (ECF No. 50 at PageID 554.)

To transfer the case to another district pursuant to § 1406(a), the Court must first find that the case "could have been brought" in that district. 28 U.S.C. § 1406(b). In the instant case, Plaintiff proposes the Western District of Tennessee and the Central District of California as transferee districts. (ECF No. 74 at PageIDs 857-58.) The Court cannot transfer the case to the Western District of Tennessee, however; the record does not reflect that venue would be proper there, and as a result, the case could not "have been brought there." Plaintiff argues that venue is proper in the Western District of Tennessee because of Defendant's

7

representations that it maintains a physical presence there and because Defendant has sold goods in the Western District. (Id. at PageID 857.) But Plaintiff's assertions are not sufficient to support a conclusion of proper venue in light of the Federal Circuit's Cray decision. As discussed above, venue in patent litigation requires that a defendant have physical presence in the district. Plaintiff does not allege any physical presence by the Defendant in the Western District, and concedes that Defendant's "Memphis" facility is located in Mississippi. (Id.) Reading the record in the light most favorable to the Plaintiff, Defendant does not have a physical presence in the Western District. As a result, the case could not "have been brought" there under § 1406(a), so the Court cannot transfer the case there pursuant to the statute.

Plaintiff also alleges that Defendant has previously stated that they maintain a "Memphis" facility and that Defendant cannot now deny those representations. (Id.) The correspondence that Plaintiff relies on, however, uses "Memphis" as a colloquial reference to the facility's location, rather than a representation that the facility is located in Memphis. Accordingly, Plaintiff's "physical presence by estoppel" argument fails to compensate for the factual shortcomings reflected in the record. Venue would not be proper in the Western District of Tennessee, and the Court cannot transfer the case there.

Conversely, venue would be proper in the Central District of California on the basis of residence. Defendant is incorporated in California (ECF No. 20 at PageID 53) and "a domestic corporation 'resides' only in its State of incorporation[.]" TC Heartland, 137 S.Ct. at 1517. Defendant "resides" in California for the purposes of 28 U.S.C. § 1400(b), so the Central District of California is an appropriate venue for this case. Accordingly, this case

"could have been brought"[2] in the Central District of California, which satisfies the § 1406(a) requirement for transferee districts.

Having found that the case "could have been brought" in the Central District of California, the Court must now determine whether transfer to that district would be "in the interest of justice." It would be. Transferring the case will allow the District Court in the Central District to adjudicate the case on the merits. If the case is not transferred, this Court must dismiss it for improper venue. "The interest of justice" requires transfer in such situations. Darby, 231 F. Supp. 2d at 277. Further, transferring the case would serve the purpose of § 1406: to remove obstacles from the expeditious adjudication of cases and controversies on their merits. Goldlawr, 369 U.S. at 466-67. Accordingly, the Court finds that transferring the case to the Central District of California is in the interest of justice.

IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Dismissal Based on Improper Venue is DENIED. In the interest of justice, the case is transferred to the Central District of California.

**SO ORDERED**, this 10th day of October, 2017.

                                         /s/ Jon P. McCalla
                                         JON P. McCALLA
                                         UNITED STATES DISTRICT COURT JUDGE

---

[2] The Central District of California also has general jurisdiction over Defendant as a consequence of Defendant's California incorporation. Diamler AG v. Bauman, 134 S.Ct. 746, 760 (2014) (A corporation's "place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" (quoting Goodyear Dunlop Tires Operations S.A. v. Brown, 564 U.S. 915, 924 (2011))).